In re DETENTION OF JACK GARDNER (The People of the State of Illinois, Petitioner-Appellant, v. Jack Gardner, Respondent-Appellee).

Fourth District No. 4—98—1029

Opinion filed September 3, 1999.

James E. Ryan, Attorney General, of Chicago (Joel O. Bertocchi, Solicitor General, and William L. Browers and Jay Paul Hoffmann, Assistant Attorneys General, of counsel), for the People.

No brief filed for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1998, respondent, Jack Gardner, moved to dismiss the State's petition seeking to have him committed as a sexually violent person, pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 1998)). Later that same month, the trial court conducted a hearing and granted respondent's motion. The State appeals, and we reverse and remand.

## I. BACKGROUND

On November 24, 1998, the State filed a petition to commit respondent as a sexually violent person, alleging the following: (1) in February 1995, respondent was convicted of a sexually violent offense—namely, three counts of aggravated criminal sexual abuse (720 ILCS 5/12—16 (West 1994)) (Coles County case No. 94—CF—289); (2) respondent was within 90 days of entry into mandatory supervised release (MSR) from a five-year sentence imposed for those convictions; (3) respondent suffered from the mental disorders of pedophilia, alcohol abuse, and borderline intellectual functioning; and (4) respondent was dangerous to others because his mental disorders created a substantial probability that he would engage in acts of sexual violence. That same day, the trial court ordered respondent to be detained and scheduled a probable-cause hearing, pursuant to section 30 of the Act (725 ILCS 207/30 (West 1998)), for November 30, 1998.

At the November 30, 1998, hearing, the State moved to amend its petition to further allege that (1) respondent was then serving a sentence for a conviction for failing to report a change of address as a sex offender (730 ILCS 150/6 (West 1996)) (Coles County case No. 97—CF—59), which was being served consecutively with or concurrently to his sentence for the aggravated criminal sexual abuse convictions; and (2) respondent "was to be released within 90 days of the filing of the original petition," on November 28, 1998. The State pointed out that the Act had recently been amended to allow the State to file a petition when the offender was serving a sentence that was running consecutively to or concurrently with a sentence for a sexually violent offense (Pub. Act 90—793, § 20, eff. August 14, 1998 (1998 Ill. Legis. Serv. 3397, 3418-19 (West)); 725 ILCS 207/15 (West 1998)). At the conclusion of the hearing, the trial court continued the proceedings to allow the parties an opportunity to research the applicability of the amendment to the present case.

The following day, respondent filed a motion to dismiss the State's petition, alleging that (1) the Act required a petition be filed when an offender was within 90 days of discharge from a sexually violent offense; and (2) respondent was not then serving a sentence for a sexually violent offense. On December 3, 1998, the State filed an amended petition, in which it included the additional allegations earlier discussed.

At a December 1998 hearing on respondent's motion to dismiss, the trial court first granted the State's motion to amend its petition, and respondent told the court that his motion to dismiss adequately set forth his challenge to the amended petition. Randy Stevenson, the supervisor of the Robinson Correctional Center's records office, then testified as follows.

On February 22, 1995, respondent began serving his five-year sentence for the aggravated criminal sexual abuse convictions at the Department of Corrections (DOC). On December 23, 1996, respondent was released from Robinson Correctional Center and placed on two years' MSR. On April 7, 1997, respondent was sentenced to a 26-month prison term for failing to report a change of address as a sex offender (730 ILCS 150/6 (West 1996)), to be served concurrently with respondent's sentence imposed for his aggravated criminal sexual abuse convictions. As a result of that 1997 conviction, the Prisoner Review Board declared respondent to be an MSR violator, and respondent's discharge for his sexually violent offense convictions— that is, his aggravated criminal sexual abuse convictions—was recalculated to be February 21, 1998. Thus, on that date, respondent's sentence for the sexually violent offense convictions terminated, and he was released from physical custody. (Due to good-time credit, respondent's physical release date for the failure to report a change of address conviction was January 24, 1998.) However, upon his release from prison, respondent was still serving one year of MSR for failing to report a change of address.

On October 2, 1998, respondent was again incarcerated for violating a term of his MSR by removing an electronic monitoring device from his ankle. As a result of that MSR violation, respondent's discharge for the failure to report a change of address conviction was recalculated to be November 28, 1998. According to Stevenson, even though respondent was not in physical custody from February 21, 1998, until October 2, 1998, he was still in DOC's constructive custody because he was serving his one-year term of MSR for failing to report a change of address. Stevenson also testified that an offender is "discharged" from his sentence only after he fully completes the sentence.

After considering counsel's arguments, the trial court granted respondent's motion to dismiss, finding that the amendment to the Act did not apply to a situation—like the present case—in which an offender had been placed on MSR, returned to prison after violating his MSR, and subsequently discharged from his sentence directly from prison. In particular, the court found that the word "discharge" does not have the same meaning as that used by DOC, and the State should have filed its petition within 30 days of respondent's entry into MSR for failing to report a change of address as a sex offender.

## II. THE TRIAL COURT'S GRANTING OF RESPONDENT'S MOTION TO DISMISS

The State argues that the trial court erred by granting respondent's motion to dismiss. Specifically, the State contends that the court erroneously determined that the amendatory language of section 15 of the Act did not apply to the present case. We agree.

■ Initially, we note that respondent did not file a brief in support of the trial court's order. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976), the supreme court held that when the record is simple and the claimed errors are such that a reviewing court can easily decide them without the aid of the appellee's brief, the reviewing court should decide the merits of the appeal. Because we conclude that this is such a case, we address the merits of the State's appeal despite defendant's failure to file a brief.

■ This issue requires this court to interpret section 15 of the Act, as it reads following the amendment by Public Act 90—793. Section 15 provides, in pertinent part, as follows:

"(a) A petition alleging that a person is a sexually violent person may be filed by:

(1) The Attorney General ***. If the Attorney General *** decides to file a petition under this [s]ection, he or she shall file the petition before the date of the release or discharge of the person *or within 30 days of placement onto parole or mandatory supervised release for [a sexually violent] offense enumerated in paragraph (e) of [s]ection 5 of this Act.*

(2) If the Attorney General does not file a petition under this [s]ection, the State's Attorney of the county in which the person was convicted of a sexually violent offense *** may file a petition.
***

(b) A petition filed under this [s]ection shall allege that all of the following apply to the person alleged to be a sexually violent person:
* * *

(2) The person is within 90 days of discharge or entry into

mandatory supervised release from a Department of Corrections correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense *or for a sentence that is being served concurrently or consecutively with a sexually violent offense or is within the initial 30 days of the person's entry date into parole or mandatory supervised release*." (Emphasis denotes language added by Public Act 90—793.) 725 ILCS 207/15 (West 1998).

■ In construing this section, we must ascertain and give effect to the legislature's intent. The language of the statute generally provides the best evidence of the legislature's intent. Where the statutory language is clear and unambiguous, a court must give effect to the plain and ordinary meaning of the words without resorting to extrinsic aids for construction. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). Moreover, a statute must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111, 610 N.E.2d 1250, 1253 (1993). Because the construction of a statute is a question of law, our review is *de novo*. *Robinson*, 172 Ill. 2d at 457, 667 N.E.2d at 1307.

■ The Act does not define the word "discharge." However, that word has a well-known legal meaning within the context of criminal procedure and corrections. Section 3—1—2(g) of the Unified Code of Corrections (Code) defines "discharge" as "the *final termination of a commitment* to the Department of Corrections." (Emphasis added.) 730 ILCS 5/3—1—2(g) (West 1998); see also 730 ILCS Ann. 5/3—1—2, Council Commentary—1973, at 11 (Smith-Hurd 1997) (" 'Discharge' does not include release on *** mandatory release or parole release"). "Commitment" is defined as "a judicially determined placement in the custody of the Department of Corrections on the basis of *** [a] conviction." 730 ILCS 5/3—1—2(b) (West 1998). When an offender is released from a DOC correctional facility and placed on MSR, DOC retains "custody" of that offender until "discharge." 730 ILCS 5/3—14—2(a) (West 1998); see *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 174, 265 N.E.2d 144, 146 (1970) (although not confined in prison, a parolee remains in custody until the expiration of his sentence). Thus, an offender is discharged from his sentence only when DOC no longer has actual or constructive custody of him. Accordingly, under the Act, "discharge" and "entry into MSR" have separate and distinct meanings.

■ Construing the Act in accordance with the aforementioned principles, we conclude that under section 15, the Attorney General or State's Attorney may file a petition to have an offender committed as

a sexually violent person if the offender is (1) within 90 days of discharge from a DOC correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense (as enumerated in section 5(e) of the Act (725 ILCS 207/5(e) (West 1998))), (2) within 90 days of entry into MSR from a DOC correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense, (3) within 30 days of placement onto parole or MSR for a sexually violent offense, (4) within 90 days of discharge from a DOC correctional facility for a sentence that is being served concurrently with or consecutively to a sexually violent offense, or (5) within 90 days of entry into MSR from a DOC correctional facility for a sentence that is being served concurrently with or consecutively to a sexually violent offense.

As earlier stated, respondent's 26-month sentence for failing to report an address change as a sex offender was to be served concurrently with the sentence imposed for his aggravated criminal sexual abuse convictions, and his discharge for failing to report an address change was November 28, 1998. (Respondent's discharge was recalculated as a result of his having violated the terms of his MSR by removing from his ankle an electronic monitoring device.) Thus, the State properly filed its November 24, 1998, petition, which it later amended, within 90 days of respondent's discharge from a DOC correctional facility for a sentence that was being served concurrently with a sexually violent offense, pursuant to section 15 of the Act. Accordingly, we hold that the trial court erred by granting respondent's motion to dismiss the State's petition to have him committed as a sexually violent person.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment granting respondent's motion to dismiss, and we remand for further proceedings.

Reversed and remanded with directions.

COOK and MYERSCOUGH, JJ., concur.