SECOND DIVISION

No. 1-07-2512

| | | |
|---|---|---|
| IN RE THE DETENTION OF EDWARD GAVIN | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Gavin, | ) | Honorable |
| | )) | Paul P. Biebel, Jr., |
| Respondent-Appellant). | | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Respondent Edward Gavin filed this interlocutory appeal from an order of the circuit court denying his motion to dismiss the State's sexually violent persons commitment petition. On appeal, he contends that the circuit court should have dismissed the petition because it was untimely. We affirm.

BACKGROUND

In this appeal, we interpret the meaning of section 15(b-5) of the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/15(b-5) (West 2004)), as it applied to respondent in 2006. That section provided in pertinent part that a petition alleging that a person was a sexually violent person must be filed:

"(1) No more than 90 days before discharge or entry into mandatory supervised release from a Department of Corrections correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense, *or for a sentence that is being served concurrently or consecutively with a sexually violent offense*, and no more than 30 days after the person's entry into parole or mandatory supervised release[.]" (Emphasis added.) 725 ILCS 207/15(b-5) (West 2004).

On March 9, 1989, respondent pled guilty to aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12-14(a)(1)) and was sentenced to 15 years' imprisonment. On April 19, 1996, respondent began a term of mandatory supervised release (MSR) for that offense. In September 1996, respondent was arrested for burglary of a business and was released on bond. On March 9, 1997, respondent was arrested for two counts of burglary of an auto. On March 11, 1997, respondent was

arrested on a parole warrant for his sexual assault conviction.[1]  On March 18, 1998, respondent was found guilty of burglary of a business and was sentenced to 12 years' imprisonment.  The judgment order did not indicate whether the sentence would run concurrent or consecutive to respondent's sexual assault sentence.  On December 23, 1998, respondent was found guilty of two counts of burglary of an auto and was sentenced to concurrent 8-year sentences, which were ordered to run consecutive to the 12-year burglary of a business sentence.

On April 9, 1999, respondent's MSR term for his sexual assault conviction was discharged.  Respondent still remained incarcerated due to the burglary of a business offense.  Respondent was scheduled to begin his MSR term on the burglary of a business offense on April 15, 2006.  However, on April 10, 2006, the State filed a sexually violent persons commitment petition pursuant to the Act to declare respondent a sexually violent person and eligible for commitment to the Department of Human Services.  Relying on an evaluation by psychologist Dr. Phil Reidda, the petition alleged that respondent suffered from mental disorders that made the likelihood of committing future sexually violent offenses substantially probable.  The State alleged in the petition that the petition was timely because it was filed within 90 days of respondent's entry

---

[1] The record before us does not indicate the result of respondent's arrest for violating MSR.

1-07-2512

into MSR.

Respondent filed a motion to dismiss the petition pursuant to sections 2-619(a)(1), (a)(5) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1), (a)(5), (a)(9) (West 2006)). Respondent's motion alleged that the State's petition was not filed within the time permitted by the Act because respondent's anticipated release to MSR was for his burglary of a business offense and not for a sexually violent offense. He argued in the motion that because the State failed to file the petition prior to the expiration of MSR for his sexual assault conviction, which was discharged on April 9, 1999, the State's petition was untimely. The petition did not address whether respondent's burglary of a business sentence was being served concurrent or consecutive to his sexual assault sentence.

The circuit court denied respondent's motion to dismiss, finding that because respondent was in the custody of the Department of Corrections for his burglary convictions while time still remained on his sexual assault conviction, those sentences were "running concurrently," and the State's petition was timely. The court also noted that In re Detention of Gardner, 307 Ill. App. 3d 85 (1999), supported the court's determination. The court subsequently denied respondent's motion to reconsider.

ANALYSIS

Timeliness

4

On appeal, we first consider whether the State's petition was timely. In order for the petition to be timely, the petition must have been filed no more than 90 days before respondent's discharge or entry into MSR "for a sentence that is being served concurrently or consecutively with a sexually violent offense." If we find that respondent's burglary of a business sentence was being served concurrent or consecutive to his sentence for sexual assault, then the petition was timely. We note that we review the circuit court's interpretation of section 15(b-5) *de novo*. Gardner, 307 Ill. App. 3d at 90.

Although our review is *de novo*, we find the circuit court's discussion of this court's opinion in Gardner, 307 Ill. App. 3d 85, helpful. In Gardner, the respondent began serving a five-year sentence for aggravated criminal sexual abuse on February 22, 1995. He was released from prison and placed on two years MSR on December 23, 1996. On April 7, 1997, the respondent returned to prison to serve a 26-month sentence for failing to report an address change for a sex offender. The judgment order for the respondent's conviction for failing to report an address change indicated that the sentence was to be served concurrent to his sexual abuse sentence. His sexual abuse sentence was ultimately discharged on February 21, 1998, and he was released from prison. However, at that time, the respondent was still serving one year of MSR for failing to report an address change. On October 2, 1998, the respondent

5

returned to prison for violating a term of his MSR by removing an electronic monitoring device from his person. The respondent was scheduled to be released from prison and discharged from his failure to report an address change sentence on November 28, 1998. However, on November 24, 1998, the State filed a sexually violent persons commitment petition pursuant to the Act. At issue on appeal was the timeliness of the State's petition. The respondent maintained that the petition had to be filed within 90 days of discharge from a sexually violent offense (aggravated criminal sexual abuse) rather than within 90 days of discharge from a non-sexually violent offense (failure to report an address change). This court disagreed, finding that the State's petition was timely because the petition was filed within 90 days before the respondent's discharge from a correctional facility for a sentence (failure to report an address change) that was being served concurrent to a sexually violent offense (aggravated criminal sexual abuse). Gardner, 307 Ill. App. 3d at 91. The court did not find that pursuant to the Act the petition had to be filed prior to discharge of the sexually violent offense. Gardner, 307 Ill. App. 3d at 91. The petition was timely because it was filed prior to discharge for a sentence that was being served concurrent to a sexually violent offense. Gardner, 307 Ill. App. 3d at 91.

Here, the judgment order for respondent's burglary of a business offense did not indicate whether the sentence would run concurrent or consecutive to his sexual

6

assault sentence. However, in the absence of a provision to the contrary in the judgment order, the sentences are presumed to run concurrent. See People ex rel. Gibson v. Cannon, 37 Ill. App. 3d 69, 70 (1976) (in the absence of specific provisions to the contrary in the judgment order, two or more sentences of a defendant to the same place of confinement run concurrently). Therefore, we find that respondent's sentence for burglary of a business was to be served concurrent to his sentence for sexual assault. Further, respondent did actually serve a portion of his burglary of a business sentence at the same time as his sentence for sexual assault. Respondent's sexual assault conviction was not discharged until April 9, 1999. At that time, respondent had already been serving his burglary of a business sentence, which was imposed on March 18, 1998. Because he was serving his burglary of a business sentence prior to the discharge of his sexual assault conviction, the burglary and sexual assault sentences were being served concurrently. Therefore, the State's petition was timely because it was filed within 90 days before respondent's release to MSR for a sentence (burglary) that was being served concurrent to a sexually violent offense (sexual assault).

We agree with this court's interpretation of the Act as stated in Gardner that a commitment petition need not be filed within 90 days before discharge or entry into MSR for a sexually violent offense because the time period in which the State has to file the petition is continued until within 90 days before discharge or entry into MSR for a

sentence served concurrent or consecutive to a sexually violent offense. If it was only timely to file the petition within 90 days before discharge or entry into MSR for a sexually violent offense, then the part of the statute beginning with "or for a sentence that is being served concurrently or consecutively with a sexually violent offense," would be rendered meaningless. Further, because the statute includes "a sentence that is being served * * * consecutively with a sexually violent offense," it would not be possible for a sentence that is imposed consecutive to a sexually violent offense to be served until the sexually violent offense had been discharged. Consecutive sentences are served back-to-back and one sentence does not begin until the previous sentence has ended. Therefore, we find that the State's petition was timely and the circuit court properly denied respondent's motion to dismiss.

2007 Amendment

Respondent next argues that an amendment to the statute, which took effect in 2007, supports his contention that the Act, prior to the amendment, was not intended to include him.

The amended Act provides:

"(b-5) The petition must be filed no more than 90 days before discharge or entry into mandatory supervised release from a Department of Corrections *** for a sentence that was imposed upon a conviction for a

8

sexually violent offense.

* * *

(b-7) A person convicted of a sexually violent offense remains eligible for commitment as a sexually violent person pursuant to this Act under the following circumstances: (1) the person is in custody for a sentence that is being served concurrently or consecutively with a sexually violent offense; (2) the person returns to the custody of the Illinois Department of Corrections *** for any reason during the term of parole or mandatory supervised release being served for a sexually violent offense; or (3) the person is convicted or adjudicated delinquent for any offense committed during the term of parole or mandatory supervised release being served for a sexually violent offense, regardless of whether that conviction or adjudication was for a sexually violent offense." 725 ILCS 207/15(b-5), (b-7) (West 2006), as amended by Pub. Act 94-992, §5, eff. January. 1, 2007.

Respondent maintains that because the amendment broadened the class of offenders eligible for commitment pursuant to the Act, the preamendment version of the statute was not intended to include him.

Here, we are not persuaded by respondent's contention. The amendment does

9

not affect respondent's eligibility for commitment under the preamendment version. Respondent was eligible for commitment pursuant to the 2006 version of the statute, and the amendment does not somehow now make him ineligible. Respondent came within the parameters of the preamendment version because his burglary of a business sentence was being served concurrent to his sexual assault sentence. Merely because respondent also fits within the additional subsections of the amended statute does not mean that he did not fit within the preamendment version.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

SOUTH and HALL, J.J., concur.

1-07-2512

IN RE: THE DETENTION OF EDWARD GAVIN

(The People of the State of Illinois,

Petitioner-Appellee,

v.

Edward Gavin,

Respondent-Appellant).

No. 1-07-2512

Appellate Court of Illinois
First District, Second Division

May 27, 2008

JUSTICE KARNEZIS delivered the opinion of the court.

SOUTH and HALL, J.J., concur.

Appeal from the Circuit Court of Cook County.

The Honorable Paul P. Biebel, Jr., Judge Presiding.

For APPELLANT, Law Offices of Chicago-Kent College of Law (Daniel T. Coyne, Matthew M. Daniels, Meghan J. Paulas (Rule 711 Senior Law Student), of counsel)

For APPELLEE, Lisa Madigan, Attorney General of Illinois (Michael A. Scodro, Solicitor

1-07-2512

General, and Michael M. Glick, Karl R. Triebel, Assistant Attorneys General, of counsel).