*In re* COMMITMENT OF CHRISTOPHER L. DERRY (The People of the State of Illinois, Petitioner-Appellee, v. Christopher L. Derry, Respondent-Appellant).

Third District    No. 3—07—0820

Opinion filed July 20, 2009.

HOLDRIDGE, J., dissenting.

John A. Carter (argued), Assistant Public Defender, of Macomb, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Michael R. Blankenheim (argued) and Michael M. Glick, Assistant Attorneys General, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

The respondent, Christopher L. Derry, filed an interlocutory appeal from an order denying his motion to dismiss the State's petition

to commit the respondent under the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 *et seq.* (West 2004)). The following question was certified for appeal: Is respondent subject to commitment under the August 14, 1998, amendment of the Sexually Violent Persons Commitment Act? We answer that question in the affirmative and thus affirm the trial court's order denying the motion to dismiss.

## FACTS

The respondent was convicted of aggravated criminal sexual assault in two separate cases in 1986 and sentenced to concurrent terms of 12 years' imprisonment. In January 1992, the respondent was released on mandatory supervised release (MSR). In October 1992, while still serving his MSR, the respondent was convicted of armed violence and aggravated unlawful restraint. He was sentenced to concurrent terms of 25 years for the armed violence conviction and 10 years for aggravated unlawful restraint conviction. In addition, the respondent's MSR was revoked, and he was ordered to serve the remainder of his sentences on the aggravated criminal sexual assault convictions. The sentencing orders were silent as to whether the sentences for the October 1992 convictions were to be served consecutively or concurrently to the sentences for the aggravated criminal sexual assault convictions. He was discharged from the sentences for aggravated criminal sexual assault on December 10, 1993. He remained in the custody of the Department of Corrections to serve his sentences for the armed violence and aggravated unlawful restraint convictions.

On May 17, 2005, five days before his scheduled release on MSR, the State filed a petition to declare the respondent a sexually violent person. A probable cause hearing was held the next day, and the court found probable cause that the respondent was a sexually violent person. The court entered an order that the respondent be held by the Department of Human Services pending trial on the petition. On November 18, 2005, the respondent filed a motion to dismiss the petition. The trial court denied the motion, and the respondent filed the present interlocutory appeal.

## ANALYSIS

Our review of this case is strictly limited to the question certified by the trial court. *In re Detention of Bailey*, 317 Ill. App. 3d 1072, 1076, 740 N.E.2d 1146, 1150 (2000). Our review of the certified question is *de novo*. *Bailey*, 317 Ill. App. 3d at 1076, 740 N.E.2d at 1150.

The respondent contends that the August 1998 amendment to the Act was retroactively applied to him. The State maintains that the statute is not being applied retroactively in this case. Alternatively,

the State argues that the plain language of the statute expresses the legislature's intent to apply the statute to a person in the position of the respondent and that the amendment is procedural.

Under the Act, a sexually violent person is one who has been convicted of a sexually violent offense and who suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence. 725 ILCS 207/5(f) (West 2004). A person who is found after trial to be a sexually violent person shall be committed to the custody of the Department of Human Services for control, care and treatment until the person is no longer a sexually violent person. 725 ILCS 207/40(a) (West 2004).

When originally enacted on January 1, 1998, the Act provided that a petition under the Act must be filed within 90 days of discharge or entry into MSR for a sentence imposed upon a conviction for a sexually violent offense. 725 ILCS 207/15 (West 1998). The Act was amended, effective August 14, 1998, to provide that a petition must be filed within the above time frame or within 90 days of discharge or entry into MSR for "a sentence that is being served concurrently or consecutively with a sexually violent offense." 725 ILCS 207/15(b—5)(1) (West 2004).

In this case, the respondent was discharged from his sentences for sexually violent offenses on December 10, 1993. Thus, under the timing provision of the Act as enacted in January 1998, the respondent was not eligible for commitment as a sexually violent person. The respondent became eligible for commitment, however, under the August 1998 amendment to the statute, which expanded the time frame to include sentences being served concurrently or consecutively with a sentence for a sexually violent offense. On appeal, the respondent does not dispute the trial court's finding that he served his sentences for armed violence and aggravated unlawful restraint concurrently to his sentences for aggravated criminal sexual assault. 730 ILCS 5/5—8—4(a) (West 2006) ("Sentences shall run concurrently unless otherwise specified by the court"). Rather, the respondent argues that the August 1998 timing amendment was retroactively applied to him and that such a retroactive application was improper.

"A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment *** or upsets expectations based in prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269, 128 L. Ed. 2d 229, 254-55, 114 S. Ct. 1483, 1499 (1994). "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at 269-70, 128 L. Ed. 2d at 255, 114 S. Ct. at 1499. A statute has a retroactive impact when it impairs rights a party possessed when he acted, increases a party's liability for

past conduct, or imposes new duties with respect to transactions already completed. *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38, 749 N.E.2d 964, 971 (2001), quoting *Landgraf*, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505.

We disagree with the respondent's assertion that the statute was applied retroactively in this case. In essence, the respondent argues that the amended Act may not be applied to him because he had already been discharged from his sentence for aggravated criminal sexual assault, though still serving his concurrent sentences for armed violence and aggravated unlawful restraint, when the Act and subsequent amendment of the timing provision took effect. However, the event in suit or controversy in this case is the respondent's current mental condition, not his past conduct.

The Illinois Supreme Court has held that the Act does not have a retroactive effect. *In re Detention of Samuelson*, 189 Ill. 2d 548, 558-59, 727 N.E.2d 228, 234-35 (2000); see also *Kansas v. Hendricks*, 521 U.S. 346, 369-71, 138 L. Ed. 2d 501, 519-21, 117 S. Ct. 2072, 2085-86 (1997) (holding that similar law did not raise *ex post facto* concerns because the law did not have a retroactive effect). A person involuntarily committed under the Act is not committed for past conduct. *Samuelson*, 189 Ill. 2d at 559, 727 N.E.2d at 235. "Involuntary commitment is permissible only where the defendant presently suffers from a mental disorder and the disorder creates a substantial probability that he will engage in acts of sexual violence in the future." *Samuelson*, 189 Ill. 2d at 559, 727 N.E.2d at 235.

The Act, including the amended timing provision, was not retroactively applied to the respondent. The timing provision had been in effect for nearly seven years when the petition to commit the respondent was filed, and that provision did not have any retroactive impact on his past conduct, transactions, or rights. Rather, the Act concerns a person's present mental condition. The fact that the respondent had already completed his sentence for aggravated criminal sexual assault when the Act and the August 1998 amendment was put into effect does not render its application to the respondent retroactive. Thus, the respondent is subject to commitment under the August 1998 amendment to the Act. The trial court did not err by denying the respondent's motion to dismiss. Accordingly, we affirm the judgment of the McDonough County circuit court.

Affirmed.

SCHMIDT, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. I would hold that the Act is not applicable to the respondent.

The trial court framed well the discussion of the issue herein as follows: "Two of [Derry's] McDonough County offenses are sexually violent offenses. Neither Schuyler County offense is a sexually violent offense. Since [Derry] was discharged from his McDonough County sentences more than 11 years before the petition was filed in this case, the petition was timely only if the language added to the statute by the August 14, 1998, amendment can be properly applied to the facts in this case."

Respondent maintains that when the Act went into effect on January 1, 1998, it did not apply to him. As originally enacted, the Act required a petition to be filed within 90 days of a respondent's discharge or entry into MSR for a sexually violent offense. On January 1, 1998, respondent's sexually violent offense had been discharged for some 11 years. There is no question that on January 1, 1998, respondent was serving a sentence consecutive to a sexually violent offense. He began serving the Schuyler County counts in October 1992, and he was discharged from the sentences on the sexually violent offenses on December 10, 1993.

Given the statutory language of the Act, and the fact that respondent was not serving a term of imprisonment for a sexually violent offense under that Act, it is clear that on January 1, 1998, the Act did not apply to respondent. However, what is important in the instant matter is whether the August 14, 1998, amendment to the Act applied to respondent.

At issue is the statutory construction and the retroactive effect of the 1998 amendment to the Act. In *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001), our supreme court adopted the retroactivity analysis set forth by the United States Supreme Court in *Landgraf v. USI Film Productions*, 511 U.S. 244, 280, 128 L. Ed. 2d 229, 261-62, 114 S. Ct. 1483, 1505 (1994). Under that analysis, "the first question is whether the legislature has clearly indicated the temporal reach of [the] amended statute." *Caveney v. Bower*, 207 Ill. 2d 82, 91 (2003). If the legislature has so indicated, that expression of legislative intent must, absent a constitutional prohibition, be given effect. But when the legislature has not clearly indicated the amendment's temporal reach, a second question must be answered: would applying the statute have a retroactive impact, *i.e.*, would the amended statute "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed"? *Caveney*, 207 Ill. 2d at 91.

If there would be a retroactive impact, "the court must presume that the legislature did not intend it to be so applied." *Caveney*, 207 Ill. 2d at 91.

Here, there is no clear expression of legislative intent regarding the temporal reach of the 1998 amendment. The only reference to an effective date of the amendment is the indication in the codified public act (Pub. Act 90—793, §20, eff. August 14, 1998 (amending 725 ILCS 207/30)). See *People v. Woodard*, 367 Ill. App. 3d 304, 323 (2007).

There is no reported case dealing with the same facts as the matter herein. One reported case, *In re Detention of Gardner*, 307 Ill. App. 3d 85 (1999), which discusses the issue of the 1998 amendment, has some relevance. In *Gardner*, the respondent had been convicted of aggravated criminal sexual abuse in February 1995 and was sentenced to five years' imprisonment. In December 1996, the respondent was placed on two years MSR and released from the correctional center. In April 1997, he was sentenced to 26 months for failing to report his change of address under the sexual offenders registration statute. The 26 months were to be served concurrently with the remainder of his sexual abuse sentence. His sentence on the sexual abuse convictions was recalculated to extend until February 21, 1998. On that date, he was released from custody. However, he was still on MSR for the failure to report the address change offense. On October 2, 1998, he was again incarcerated for violating the MSR terms on the failure to report address change violation. His release was recalculated to November 28, 1998, and the State filed its "SVPCA" petition on November 24, 1998. The respondent moved to dismiss the petition, and the trial court granted the motion, holding that the August amendment did not apply to a situation where an offender had been placed on MSR, returned to prison after violating MSR, and subsequently discharged directly from prison. *Gardner*, 307 Ill. App. 3d at 89. The appellate court reversed, holding that MSR is part of the offender's sentence and, therefore, he is not discharged until his MSR is completed. *Gardner*, 307 Ill. App. 3d at 91.

While *Gardner* appears to be applicable to the instant case, there is one key distinction. In *Gardner*, on January 1, 1998, the offender was serving a sentence for a sexually violent offense (the sexual abuse offense sentences were in effect until February 21, 1998). Thus, when the statute was amended on August 1, 1998, the amendment did not have the effect of bringing him within the purview of the Act. This also explains the fact that there is no discussion of retroactive application of the amendment in *Gardner*. Thus, I would find that *Gardner* is factually distinguishable from the instant matter and is not helpful to our inquiry regarding the retroactive application of the August 1, 1998, amendment.

In *In re Detention of Lieberman*, 201 Ill. 2d 300 (2002), the State filed a petition under the Act against Lieberman as he approached release from prison. Lieberman had been sentenced in 1980 for the crime of rape. In 1986, the legislature had abolished the crime of rape and replaced it with the offense of criminal sexual assault. The Act that went into effect on January 1, 1998, defined a sexually violent assault to include criminal sexual assault but did not list the offense of rape. When the petition was filed, Lieberman moved to dismiss, alleging that rape was not defined as a sexually violent offense. The court denied Lieberman's motion to dismiss and Lieberman took his appeal. While the matter was pending on appeal, the legislature amended the Act to include rape as a sexually violent offense. On appeal to our supreme court, the State made two arguments. First it argued that, when the legislature changed the law in 1986 abolishing rape and creating criminal sexual assault, it had been the intent of the legislature to "subsume" rape into criminal sexual assault. Second, it argued that the amendment applied to Lieberman since its purpose was merely to "clarify" that the legislature intended to include rape in the list of sexually dangerous offenses. *Lieberman*, 201 Ill. 2d at 310-11. The court accepted the argument that rape had been subsumed into criminal sexual assault and so affirmed the trial court's denial of Lieberman's motion to dismiss. However, the court expressly rejected the argument that the amendment could be applied to Lieberman. In a footnote, the court observed:

> "We note that the amendment to the Commitment Act does not apply to [the] respondent. A statutory amendment cannot be given retroactive effect in the absence of a clear expression of legislative intent to do so. *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38-39 (2001)." *Lieberman*, 201 Ill. 2d at 321 n.3.

In the instant matter, respondent argues that this footnote indicates our supreme court's rejection of retroactive application of the amendment. I would agree. In *Lieberman*, the footnote clearly indicates the court's observation that, had the State been attempting to argue that the amendment brought Lieberman under the purview of the Act, the court would have dismissed the petition. Lieberman was under the purview of the Act, not because of the amendment, but because, according to the court, he always was under the purview of the Act. Contrasting the facts in *Lieberman* with the facts in the instant matter, respondent was not amenable to a petition under the Act because he was not under its purview covered under the Act when it was initially passed. He was not serving a sentence for a sexually violent offense when the Act was passed, so it clearly did not impact him when the Act became effective.

The State suggests that *In re Detention of Gavin*, 382 Ill. App. 3d 946 (2008), supports the finding of the trial court. I would disagree. In *Gavin*, the court was asked to interpret an amendment to the Act which took effect in 2007. The *Gavin* court noted that the respondent was covered by the Act prior to the amendment. The court noted that the amendment did not affect the respondent's eligibility for commitment under the pre-amendment statute. Specifically, the court noted that the respondent "was eligible for commitment pursuant to the 2006 version of the statute, and the amendment [did] not somehow make him ineligible. *Gavin*, 382 Ill. App. 3d at 951. Thus, *Gavin* is distinguishable from the instant matter in that respondent, unlike Gavin, was not covered by the original statute.

I believe that the majority's reliance upon *In re Detention of Samuelson*, 189 Ill. 2d 548 (2000), is misplaced. *Samuelson* addressed the constitutionality of the Act in the context of constitutional prohibitions against *ex post facto* laws and double jeopardy. *Samuelson*, 189 Ill. 2d at 568-69. The instant matter is distinguishable from *Samuelson* in that the respondent in *Samuelson* was currently serving a sentence for aggravated criminal sexual assault and aggravated criminal sexual abuse, both of which were sexually violent offenses under the Act. *Samuelson*, 189 Ill. 2d at 557. In contrast, as noted in the certified question to this court, the respondent had been discharged from the sentences for any sexually violent offenses over 11 years prior to the filing of the petition. Thus, *Samuelson* is of little guidance in the instant matter.

It is clear that the facts in this case are unique and this ruling would likely have no effect on anyone other than this respondent; but to quote an old saying, "every tub rests on its own bottom." I would find that respondent should have the relief sought.

For the foregoing reasons, I would find that the Act was not applicable to this respondent. I would reverse the decision of the circuit court of McDonough County and remand for entry of an order denying the petition.