# Illinois Official Reports

## Supreme Court

***Round v. Lamb*, 2017 IL 122271**

| | |
|---|---|
| Caption in Supreme Court: | DANNY ROUND, Petitioner, v. NICHOLAS LAMB, Warden of Lawrence Correctional Center *et al.*, Respondents. |
| Docket No. | 122271 |
| Filed | August 3, 2017 |
| Decision Under Review | Original action for *habeas corpus* or *mandamus* relief. |
| Judgment | Writ denied. |
| Counsel on Appeal | Steven F. Pflaum, Jason A. Frye, and David G. Weldon, of Neal, Gerber & Eisenberg LLP, of Chicago, for petitioner. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of Chicago, of counsel), for respondents. |
| Justices | JUSTICE GARMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioner, Danny Round, is presently incarcerated and seeks immediate release on the basis that he has already served his entire sentence, including two years of mandatory supervised release. This court allowed his motion for leave to file a complaint for *habeas corpus* or, in the alternative, for an order of *mandamus*.

¶ 2                                                    BACKGROUND

¶ 3    Petitioner was charged with six counts of violating an order of protection (720 ILCS 5/12-3.4(a) (West 2012)) and two related counts of witness harassment (720 ILCS 5/32-4a(a)(2) (West 2012)). On July 2, 2013, he pleaded guilty to two charges with the understanding that the other charges would be dropped and his sentences would be served concurrently. On count I, harassment of a witness, a Class 2 felony, he was sentenced to five years in prison to be followed by two years of mandatory supervised release (MSR). On count III, violation of an order of protection, a Class 4 felony, he was sentenced to three years in prison. By statute, a sentence for violating an order of protection includes a four-year MSR term. 730 ILCS 5/5-8-1(d)(6) (West 2016). However, no term of MSR connected to that conviction was mentioned during plea negotiations, during the sentencing hearing, or in the written sentencing order.

¶ 4    Petitioner completed the three-year prison sentence for count III on September 23, 2014, and the five-year prison sentence for count I on September 23, 2015. He was "violated at the door" for failure to identify a suitable host site for electronic monitoring. Because he accrued day-for-day credit for serving his MSR while incarcerated, his two-year MSR term would have been completed on September 23, 2016. However, a disciplinary matter resulted in revocation of three months of his day-for-day credit, postponing his release from the two-year MSR term until December 23, 2016. He was not released on that date, however, because the Illinois Department of Corrections asserted that his sentence included a four-year MSR term by law and that the four-year term did not start until the completion of the five-year prison sentence. According to the Department of Corrections, petitioner's discharge date is currently set for December 23, 2017.

¶ 5    Within six months of when petitioner began serving his sentence, he learned that the Department of Corrections considered his sentence to include a four-year MSR term for count III. On October 15, 2013, petitioner filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2012)), which was recharacterized as a petition for postconviction relief. The circuit court of Cook County conceded that it had not informed petitioner of the four-year MSR term on count III, noting that the court had failed to realize that although count III was a lesser class felony than count I, it carried a longer MSR term. At a hearing on December 6, 2013, the court stated that it would allow petitioner to withdraw his guilty plea to both counts; petitioner declined to withdraw his plea. The circuit court reasoned petitioner had been generally informed that he was subject to mandatory supervised release, despite petitioner's allegation that he was never specifically admonished regarding the four-year term of MSR. The court rejected petitioner's request to modify his sentence and on July 23, 2014, granted the State's motion to dismiss. Petitioner filed a notice of appeal on August 1, 2014. He was granted three extensions of time

to file his opening brief. The final deadline was August 4, 2015, but no briefs have been filed. Petitioner's motion to this court does not explain why he failed to file a brief.

¶ 6 Petitioner first filed an emergency motion for an order of *habeas corpus* in this court in October 2016, before his two-year MSR term was complete. The court denied the motion. Petitioner filed a second motion in February 2017. The court appointed counsel and dismissed the case without prejudice to file an amended motion, action, or petition, by counsel. Petitioner, with the assistance of counsel, then filed the motion before the court today.

¶ 7                                                ANALYSIS

¶ 8 Petitioner argues he is entitled to immediate release from custody and seeks an order of *habeas corpus* or, alternatively, *mandamus*. This court has original jurisdiction over petitions for *habeas* and *mandamus*. Ill. Const. 1970, art. VI, § 4(a). To be entitled to release from custody pursuant to an order of *habeas*, a petitioner must demonstrate that he has been "incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or [that] there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008); see 735 ILCS 5/10-124 (West 2016). To be entitled to an order of *mandamus*, a petitioner must establish " 'a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ.' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (quoting *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 465 (2004)). "There also must be no other adequate remedy." *Id.*

¶ 9 Petitioner argues several bases for relief. First, he contends that because the sentencing order did not include any term of MSR for count III, he has not been sentenced to any such term and the Department of Corrections cannot add such a term to his sentence. Second, he argues that, even if he is subject to a four-year term of MSR, the term started when he completed his three-year prison sentence for count III and would have been completed on December 23, 2016. Finally, petitioner asserts that failure to amend his sentence in such a way so that he does not serve more than seven years in custody denies him the benefit of the bargain he made when agreeing to plead guilty and thus violates his due process rights.

¶ 10                        *Whether Petitioner's Count III Sentence Included*
                                  *a Four-Year Term of MSR*

¶ 11 This court has previously addressed whether a term of MSR is included as a matter of law regardless of whether it is included in a sentencing order. In *People v. McChriston*, the defendant was convicted of a Class X felony and sentenced to 25 years' imprisonment. 2014 IL 115310, ¶ 1. The order did not mention MSR, nor did the judge admonish the defendant regarding MSR at the sentencing hearing. *Id.* The defendant filed a postconviction petition arguing the Department of Corrections impermissibly added a three-year MSR term to his sentence. *Id.* ¶ 3. The court looked to the plain language of section 5-8-1 of the Unified Code of Corrections, which at that time stated that " '[e]xcept where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment.' " *Id.* ¶ 9 (quoting 730 ILCS 5/5-8-1(d) (West 2004)). The court concluded that "the sentencing order issued by the trial court included a term of MSR even if the court did not mention the MSR term at the sentencing hearing or in the sentencing order." *Id.* ¶ 17.

¶ 12    The language of that statute has since been amended: in 2009, the phrase "as though written therein" was eliminated (Pub. Act 95-1052 (eff. July 1, 2009)), and in 2012, the requirement that the mandatory supervised release term "shall be written as part of the sentencing order" was added (Pub. Act 97-531, § 5 (eff. Jan. 1, 2012)). Petitioner notes that the court in *McChriston* pointed to this amendment as evidence that, at that time, a sentence included a term of MSR regardless of whether the term was included in the written sentencing order. *McChriston*, 2014 IL 115310, ¶¶ 18-19.

¶ 13    Certainly, the statute now requires judges to include MSR in their written sentencing orders. What is not clear is the effect of failure to comply with that requirement. The answer turns on whether the requirement is directory or mandatory. Procedural commands to government officials—here, the command to trial judges to include the appropriate MSR term in their written sentencing orders—are presumed to be directory. *People v. Geiler*, 2016 IL 119095, ¶ 18; *People v. Delvillar,* 235 Ill. 2d 507, 517 (2009). "The presumption is overcome *** only if (1) negative language in the statute *** prohibits further action in the case of noncompliance or (2) the right the statute *** is designed to protect would generally be injured under a directory reading." *Geiler*, 2016 IL 119095, ¶ 18 (citing *Delvillar*, 235 Ill. 2d at 517).

¶ 14    The statute does not include any negative language prohibiting further action in the case of noncompliance. It prescribes no result for situations in which the judge fails to include the MSR term in the written order.

¶ 15    Legislative history indicates that the requirement was designed to provide greater clarity for the Department of Corrections. 97th Ill. Gen. Assem., House Proceedings, May 17, 2011, at 48 (statements of Representative Cunningham) (describing the bill as "an initiative of the Illinois Department of Corrections" and noting "the Bill would *** require judges to enter the specific length of parole that each inmate needs to spend after their sentence's done. In the actual sentencing order that they issue in court. They're not required to do that right now, creates confusion sometimes at intake for the Illinois Department of Corrections, and they have to contact a sentencing judge as frequently to make sure they enter the right parole information into their record system."). Even if the requirement was also designed to protect the rights of persons being sentenced, such rights are not generally at risk if the statute is given a directory reading. Defendants have a right to be admonished of the full consequences before pleading guilty (*People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)), but giving the statute a directory reading does not, on its own, violate that right. See *People v. Evans*, 2013 IL 113471, ¶ 13 (concluding a petitioner could not establish cause to bring a successive postconviction petition based on the court's failure to include a term of MSR in a sentencing order because " 'all citizens are charged with knowledge of the law' " and the law was clear that the petitioner's sentence must include a term of MSR (quoting *People v. Lander*, 215 Ill. 2d 577, 588 (2005))). Thus, the requirement is directory.

¶ 16    When a requirement is directory, "no specific consequence is triggered by noncompliance." *Geiler*, 2016 IL 119095, ¶ 24. A petitioner must show he was prejudiced to be entitled to relief for a violation of a directory rule. *Id.* ¶ 25. Petitioner agrees that the requirement is directory but maintains that failure to comply with the requirement bars the Department of Corrections from enforcing the MSR term. Under petitioner's interpretation, a judge could avoid imposing MSR by failing to write the term in the sentencing order. This would impermissibly allow the court to overrule the legislature's directive. *Whitfield*, 217 Ill.

2d at 200-01 ("We recognize that MSR terms are statutorily required and that 'the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence.' " (quoting *People v. Brown*, 296 Ill. App. 3d 1041, 1043 (1998))). Therefore, we conclude the MSR term is included in the sentence as a matter of law and that the failure to include the term in the written sentencing order does not on its own invalidate the sentence or any part of it.

¶ 17 Furthermore, this interpretation is consistent with the section 5-4.5-15 requirement that all sentences, except natural life sentences, include an MSR term. 730 ILCS 5/5-4.5-15(c) (West 2016); see also *People v. Viverette*, 2016 IL App (1st) 122954, ¶ 24 ("Section 5-8-1(d)(1) read in conjunction with section 5-4.5-15(c) makes it clear that the MSR term was a mandatory component of defendant's sentence and that it was imposed by the court and not the DOC."); *People v. Ford*, 2014 IL App (1st) 130147, ¶ 7 (also reading section 5-8-1(d) in conjunction with section 5-4.5-15(c)).

¶ 18 *Whether the Count III MSR Term Began to Run Concurrently*
*With the Count I Prison Term*

¶ 19 Alternatively, petitioner argues that he has already completed four years of MSR. He contends MSR begins as soon as the corresponding prison term is completed, regardless of whether the prisoner is still in prison serving another sentence. The Department of Corrections counters that any MSR terms cannot commence until all prison sentences are completed.

¶ 20 The Unified Code of Corrections provides an answer for the manner in which MSR is served in the context of consecutive sentences but says nothing regarding MSR and concurrent sentences. Section 5-8-4(g) provides that, for consecutive sentences, the defendant must serve all consecutive prison terms and then serve the MSR term for the most serious offense. 730 ILCS 5/5-8-4(g) (West 2016). It is logical to conclude the legislature also intended for a prisoner serving concurrent sentences to complete all prison terms before beginning MSR. See 730 ILCS 5/5-4.5-45(*l*) (West 2016) ("[T]he parole or mandatory supervised release term shall be one year *upon release from imprisonment*." (Emphasis added.)). Although petitioner in this case was violated at the door and therefore has been serving MSR in the Lawrence Correctional Center, it would be illogical to hold that a prisoner can simultaneously be serving a prison term and be on supervised release. Compare 730 ILCS 5/5-1-10 (West 2016) (defining "imprisonment" as "incarceration in a correctional institution under a sentence of imprisonment"), and Black's Law Dictionary (10th ed. 2014) (defining "imprisonment" as "The act of confining a person, esp. in a prison ***. *** The quality, state, or condition of being confined ***."), with Black's Law Dictionary (10th ed. 2014) (defining "release" as "The action of freeing or the fact of being freed from restraint or confinement ***.").

¶ 21 Mandatory supervised release is designed to facilitate reintegration back into society, a purpose distinct from serving time in prison. See 730 ILCS 5/3-3-7(a) (West 2016) (indicating that the conditions of MSR "shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life" and setting out a list of conditions for every parole and MSR that are designed for life outside of prison); see also 80th Ill. Gen. Assem., Senate Proceedings, Nov. 22, 1977, at 98-99 (statements of Senator Graham) (discussing the legislature's intent to reduce recidivism and the benefit of maintaining custody over offenders for a period of time after they are released from prison). Allowing an offender to avoid serving

MSR because he has been convicted of multiple offenses is clearly contrary to this purpose, particularly in the context of an offender who is subject to an extended MSR term. 730 ILCS 5/5-8-1(d)(6) (West 2016).

¶ 22    Petitioner relies on *In re Detention of Gavin*, 382 Ill. App. 3d 946 (2008), to support his argument that he ought to be able to serve his MSR term concurrently with his prison term. In *Gavin*, the defendant was arrested while on MSR. The case did not involve concurrent sentences, and the appellate court did not address the viability of serving MSR and a prison sentence concurrently. Therefore, petitioner's reliance on *Gavin* is inapposite.

¶ 23                    *Whether Petitioner's Due Process Rights Have Been Violated*

¶ 24    Finally, petitioner argues the court should order his immediate release because enforcing the four-year MSR term violates his due process rights. Petitioner pleaded guilty in exchange for a three-year and a five-year prison sentence, to be served concurrently, and a two-year MSR term, for a total of seven years in custody. Petitioner contends that requiring him to serve a four-year MSR term denies him the benefit of the bargain he made, because it would extend his total time in custody to nine years. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

¶ 25    In *Whitfield*, the defendant pleaded guilty to first degree murder in exchange for a 25-year prison sentence and to felony murder in exchange for a 6-year prison sentence, to be served concurrently. 217 Ill. 2d at 179. Neither the prosecutor nor the court advised the defendant that he would be subject to a 3-year term of MSR following the 25-year prison sentence. *Id.* at 180. After learning of the MSR term while serving the prison sentence, the defendant filed a postconviction petition arguing his due process rights were violated because the sentence was more onerous than what he had bargained for. *Id.* The defendant conceded that the court lacked the authority to strike the term of MSR but requested the court reduce his 25-year prison term by the length of the MSR term. *Id.* at 187. He did not move to withdraw his guilty plea. *Id.* at 180. The court concluded that "[u]nder [the] circumstances *** adding the statutorily required three-year MSR term to defendant's negotiated 25-year sentence amount[ed] to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." *Id.* at 190. The court then concluded that "due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence." *Id.* at 195. Relying on *Santobello v. New York*, the court identified two potential remedies for the due process violation: allow the defendant to withdraw his guilty plea or resentence the defendant in accordance with the statute and the plea agreement. *Whitfield*, 217 Ill. 2d at 202 (citing *Santobello*, 404 U.S. at 262-63). The court granted the defendant's request and modified his sentence to conform to the plea agreement. *Id.* at 205.

¶ 26    Petitioner argues he is entitled to the same relief—an adjustment to his sentence to create in effect the sentence he bargained for. Which remedy is appropriate depends on the unique facts and circumstances of each case. See *Santobello*, 404 U.S. at 263 (remanding the case to the state court to determine whether withdrawal of the guilty plea or resentencing was

- 6 -

appropriate). Unlike in *Whitfield*, petitioner had the opportunity to withdraw his guilty plea just five months after the sentencing hearing and declined to do so. *Id.* at 180. At that time, petitioner had not yet substantially performed his part of the bargain. He filed a timely notice of appeal following the circuit court's dismissal of his postconviction petition but failed to file a brief in the appellate court, despite multiple orders granting him extensions of time to do so. Petitioner offers no explanation for why he abandoned his efforts to resolve this issue in the appellate court. In light of these facts, petitioner has not proven he had a right to have his sentence reconfigured in this case. Therefore, he is not entitled to the extraordinary remedies of *habeas* or *mandamus*.

¶ 27                                      CONCLUSION

¶ 28        Despite amendments to the law since *People v. McChriston* was decided, the Unified Code of Corrections continues to indicate that a term of mandatory supervised release is a mandatory part of a sentence. The circuit court's failure to comply with the requirement that the MSR term be included in the written sentencing order does not invalidate that part of the sentence.

¶ 29        When, as here, an offender receives multiple, concurrent sentences including terms of MSR, the prison terms are to be served concurrently, and then the MSR terms are to be served concurrently to one another once all prison terms have been completed. In most cases, this results in the offender serving the lengths of the prison and MSR terms of the most serious offense. In this case, however, the lesser felony—violation of an order of protection—carries a longer term of MSR than the more serious felony, resulting in a longer overall time in custody.

¶ 30        Although neither the prosecutor nor the court had the authority to allow petitioner to avoid the longer MSR term, it is clear the court and petitioner believed petitioner was pleading guilty in exchange for a sentence of seven years in custody—five years in prison (the five- and three-year terms served concurrently) and two years of MSR. Enforcing the four-year MSR term extends the sentence to nine years. However, petitioner had an opportunity shortly after beginning to serve his prison sentence to withdraw his guilty plea in light of the error. Petitioner declined to withdraw his guilty plea at that time and has not proven a right to have his sentence reconfigured. The motion for an order of *habeas* or, in the alternative, for *mandamus* is denied.

¶ 31        Writ denied.