# Illinois Official Reports

## Supreme Court

---

**_People v. McChriston_, 2014 IL 115310**

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BILLY McCHRISTON, Appellant. |
| Docket No. | 115310 |
| Filed | January 24, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In 2004, statute provided that a term of mandatory supervised release was automatically included in a sentence as a matter of law; and its absence from the written order or the judge's remarks did not mean that the Department of Corrections, when it enforced the term, added to the sentence, thereby violating the separation of powers. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Champaign County, the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Allen H. Andrews, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield, and Julia R. Rietz, State's Attorney, of Urbana (Michael A. Scodro, Solicitor General, and Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | Vincent Boggan, of Concerned Inmates of Dixon Correctional Center, of Dixon, *amicus curiae*. |
| Justices | CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion. Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1      In 2004, defendant, Billy McChriston, was convicted by jury of the unlawful delivery of a controlled substance, a Class 1 felony that carried a mandatory Class X sentence. The trial judge sentenced defendant to 25 years' imprisonment. The trial order did not indicate that defendant would also be required to serve a term of mandatory supervised release (MSR) pursuant to section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 2004)), nor did the trial judge mention MSR at the sentencing hearing. The appellate court affirmed the conviction and sentencing on direct appeal. No. 4-04-0770 (2006) (unpublished order under Supreme Court Rule 23).

¶ 2      Defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2008)), raising issues not related to the MSR term. The circuit court dismissed the postconviction petition and the appellate court affirmed (*People v. McChriston*, No. 4-07-0720 (2009) (unpublished order under Supreme Court Rule 23).

¶ 3      Then in 2011, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)), arguing that the Illinois Department of Corrections (DOC) impermissibly added a three-year MSR term to his

25-year sentence. The circuit court of Champaign County dismissed defendant's petition for failure to state a cause of action. 735 ILCS 5/2-615 (West 2010).

¶ 4    The appellate court affirmed, rejecting defendant's arguments that the imposition of the MSR term violated defendant's constitutional rights to due process and the separation of powers clause of the Illinois Constitution of 1970. The appellate court found that the MSR term attached by operation of law and therefore was not unconstitutionally imposed by the DOC. 2012 IL App (4th) 110319-U.We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Feb. 26, 2010). For the reasons that follow, we affirm.

¶ 5                                         ANALYSIS

¶ 6    Defendant argues that only the trial court, not the DOC, is empowered to impose a term of MSR, and therefore the addition of the MSR term to defendant's sentence violates the separation of powers clause of the Illinois Constitution and his federal constitutional right to due process. Looking to the plain language of the statute, the State asks this court to affirm the appellate court's conclusion that the sentence imposed by the circuit court included the MSR term "as though written therein" and, therefore, MSR attached as part of the sentence regardless of whether the trial judge wrote MSR into the sentencing order. We review a dismissal of a section 2-1401 petition for failure to state a claim for relief *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 16 (2007).

¶ 7                                A. Separation of Powers

¶ 8    Under the Illinois Constitution, "[t]he legislative, executive and judicial branches are separate. No Branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. Further, "the power to impose sentence is exclusively a function of the judiciary." *People v. Phillips*, 66 Ill. 2d 412, 415 (1977). Defendant maintains that because the trial court did not reference the mandatory MSR term at the sentencing hearing or in the written sentencing order, the DOC lacks the authority to impose the MSR term upon defendant after he serves his full 25-year sentence.

¶ 9    At the time defendant was sentenced, the Unified Code of Corrections (Code) provided that, subject to earlier termination, the MSR term for a Class X felony was three years. 730 ILCS 5/5-8-1(d)(1) (West 2004). Further, the Code stated that "[e]xcept where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2004).

¶ 10   The parties do not dispute as to whether MSR was mandatory in defendant's case. At the time defendant was sentenced, section 5-8-1(d)(1) required defendant's sentence to include a three-year MSR term. The central issue in this case is whether defendant's constitutional rights were violated by the imposition of MSR where the trial court did not reference the MSR term at the sentencing hearing or include MSR in the sentencing order.

¶ 11   Defendant maintains that the DOC lacked authority to increase his sentence beyond that imposed by the trial court, as "under our form of government an administrative board has no power to change a judicial judgment." *People v. Montana*, 380 Ill. 596, 609 (1942). In support

- 3 -

of his position that the MSR term was added by the DOC, defendant looks to *People v. Kerns*, 2012 IL App (3d) 100375, ¶ 18, where the Third District considered similar facts and stated that "the DOC imposed a term of MSR under section 5-8-1(d)(4)."

¶ 12　　In response, the State argues that under the plain language of section 5-8-1(d), the MSR term was included in defendant's sentence "as though written therein," even though the MSR term was not written explicitly into the sentence. Therefore, according to the State, the imposition of MSR did not increase the trial court's sentencing order, as the MSR term was automatically included in the sentence from the beginning.

¶ 13　　This court has previously held that it is within the General Assembly's authority to enact legislation that includes a mandatory parole term in a sentence by operation of law. *People ex rel. Scott v. Israel*, 66 Ill. 2d 190 (1977). In *Scott*, two defendants challenged the constitutionality of section 5-8-1(e), which like section 5-8-1(d)(1) stated that every sentence "shall include as though written therein" an MSR term. The defendants each served the sentences imposed by the court, but each violated his parole term after being released from prison. This court upheld the mandatory MSR terms, finding that the DOC had the power to enforce them.

¶ 14　　Furthermore, in *People v. Williams*, 66 Ill. 2d 179, 186 (1977), this court stated that "the legislature has the power to prohibit particular acts as crimes, fix the punishment for the commission of such crimes and determine the manner of executing such punishment." The court further found that mandating parole periods falls within this power. Defendant, however, argues that the statute does not authorize the DOC to increase defendant's sentence, as "[a] person on parole remains subject to the sentence of commitment to the [DOC] for the period of time specified by the court." *Id.* at 187.

¶ 15　　We look first to the plain language of section 5-8-1(d). "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. [Citation.] The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. [Citation.] When the statute contains undefined terms, it is entirely appropriate to employ a dictionary to ascertain the plain and ordinary meaning of those terms. [Citation.] Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. [Citation.]" *People v. Davison*, 233 Ill. 2d 30, 40 (2009).

¶ 16　　Defendant's position relies on the premise that the MSR term was not included as part of his original sentence because it was not written in the sentence. If under the plain language of the statute, however, the MSR term was included automatically into the sentence, even if not specifically written, then the DOC did not add onto defendant's sentence by imposing the MSR term, and defendant's separation of powers argument must fail.

¶ 17　　The version of the statute applicable at the time of defendant's sentencing stated that "every sentence shall include as though written therein a term in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2004). Specifically, we are concerned with the plain and ordinary meaning of the phrase "every sentence shall include as though written therein." Black's Law Dictionary defines "therein" to mean "[i]nside or within that thing; inside or within those things." Black's Law Dictionary 1616 (9th ed. 2009). Consequently, the plain language of section 5-8-1(d) provides that the sentence shall include a period of MSR as

if it were written within the sentence. Applying this plain meaning to the present case, the sentencing order issued by the trial court included a term of MSR even if the court did not mention the MSR term at the sentencing hearing or in the sentencing order.

¶ 18 As further evidence of this conclusion, we look to the legislative history of section 5-8-1(d)(1). In 2011, section 5-8-1(d)(1) was amended and now reads, "the parole or mandatory supervised release term *shall be written as part of the sentencing order*." (Emphasis added.) 730 ILCS 5/5-8-1(d) (West 2012).

> "A subsequent amendment to a statute may be an appropriate source for discerning legislative intent. [Citation.] While an amendatory change in statutory language creates a presumption that it was intended to change the statute as it previously existed, the presumption is not controlling and may be overcome by other considerations. If the circumstances surrounding the amendment indicate that the legislature intended only to interpret the original statute, the presumption of an intent to change the law is rebutted. [Citations.] Circumstances which may indicate whether a statutory amendment is merely a clarification rather than a substantive change in the law include ' "whether the enacting body declared that it was clarifying a prior enactment; whether a conflict or ambiguity existed prior to the amendment; and whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history." ' " *People v. Jackson*, 2011 IL 110615, ¶ 18 (2011) (quoting *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284, 299 (2010), quoting *Middleton v. City of Chicago*, 578 F.3d 655, 663-64 (7th Cir. 2009)).

¶ 19 The legislature amended the statute to remove the phrase "as though written therein" to require that the MSR term "shall be written as part of the sentencing order." While the plain and ordinary meaning of "as though written therein" suggests that the legislature intended the mandatory MSR term to apply even if not specifically written in the sentencing order, the amended language requires that the court explicitly write the applicable MSR term into the order.

¶ 20 The legislative discussion surrounding this amendment provides additional support for the conclusion that the 2004 version of the statute did not require the judge to explicitly write the MSR term into the sentencing order. During the House of Representatives floor debate regarding the 2011 amendment, Representative Cunningham noted the following:

> "Senate Bill 1740 is … as amended, is an initiative of the [DOC]. Makes a couple of changes to the Corrections Code regarding [MSR] or parole. First, the Bill would *** require judges to enter the specific length of parole that each inmate needs to spend after their sentence's done. In the actual sentencing order that they issue in court. They're not required to do that right now, creates confusion sometimes at intake for the [DOC], and they have to contact a sentencing judge as frequently to make sure they enter the right parole information into their record system." 97th Ill. Gen. Assem., House Proceedings, May 17, 2011, at 48 (statements of Representative Cunningham).

¶ 21 As noted above, we presume that the legislature intended to change the law by enacting the amendment. Here, no circumstances are present that justify overcoming that presumption. Representative Cunningham expressly stated that the amendment would change the

then-current law. Therefore we presume that a change was intended to be made by removing the phrase "as though written therein" and replacing it with "shall be written as part of the sentencing order." Representative Cunningham specified that under the 2004 version of the statute, the judge was "not required" to include the length of the defendant's MSR term in the sentencing order. The purpose of this amendment was to change that prior rule, to require that the judge specify the MSR term in writing in the sentencing order. If defendant's position were correct, then the legislature did not need to make this amendment.

¶ 22    Defendant's reading would also make the phrase "as though written therein" superfluous. "If possible, the court must give effect to every word, clause, and sentence; it must not read a statute so as to render any part inoperative, superfluous, or insignificant; and it must not depart from the statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express." *People v. Ellis*, 199 Ill. 2d 28, 39 (2002). Under defendant's position, the phrase "as though written therein" would serve no purpose in the statute. If the judge was required to have written the MSR term in the sentencing order, the phrase "as though written therein" had no operative role.

¶ 23    The plain language of section 5-8-1(d) at the time of defendant's sentencing was unambiguous and provided that the MSR term be automatically included as part of defendant's sentence and the DOC did not add onto defendant's sentence when it enforced the MSR term. Further tools of statutory interpretation provide additional support for this conclusion, and defendant's separation of powers argument fails. To the extent that it holds otherwise, *Kerns* is overruled.

¶ 24                                        B. Due Process

¶ 25    Defendant further maintains that increasing the sentence beyond the trial court's order violates his federal due process rights.[1] Defendant looks first to the United States Supreme Court's decision in *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936). In *Wampler*, the defendant was convicted of attempting to evade payment of income tax and was sentenced by the court to pay a fine and serve 18 months in prison. *Id*. at 461-62. When issuing the commitment, however, the clerk added a provision stating that defendant would remain imprisoned until he paid the required fines. *Id*. The sentence given orally by the judge did not include this provision. *Id*. at 462.

¶ 26    The Court considered whether the provision was void because the clerk, rather than the judge, had inserted it into the commitment. The Court noted first that it is within the judge's discretion to direct that a defendant be imprisoned until the fine is paid, but that imprisonment does not follow automatically upon a showing of default of payment. *Id*. at 463-64. The Court went on to note that "[t]he choice of pains and penalties, when choice is committed to the

---

[1]Defendant's brief argues that "[t]he administrative imposition of mandatory supervised release also violates [defendant's] due process rights." At oral argument, defendant's counsel clarified his argument to be that any increase from the sentence imposed by the trial court is a violation of due process, regardless of whether the increase was imposed by an administrative agency, such as the DOC, or by operation of law.

discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment." *Id*. at 464. Therefore, the Court found the provision added by the clerk to be void.

¶ 27 In *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), the Second Circuit Court of Appeals considered *Wampler* when deciding a case with facts similar to those in the present case. The defendant in *Earley* pleaded guilty to attempted burglary and was sentenced to six years in prison. New York had recently passed a statute imposing a mandatory term of postrelease supervision that would have applied to the defendant ("Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision." N.Y. Penal Law § 70.45 (McKinney 2000)), but this term was not mentioned by the court or in the sentencing order. *Earley*, 451 F.3d at 73.

¶ 28 While the defendant was serving his sentence, the New York Department of Correctional Services added five years of postrelease supervision to his sentence. *Id*. The court found that the holding in *Wampler* applied to this case. *Id*. at 76. The court initially recognized that unlike in *Wampler*, New York law mandated that the defendant be sentenced to postrelease supervision, and the judge maintained no discretion. *Id*. Regardless, the court found that *Wampler* "went on to articulate a broader holding: The judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment." *Id*. at 75. Therefore, the *Earley* court found that under *Wampler*, "[a]ny alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect." *Id*.

¶ 29 Defendant looks to *Wampler* and *Earley* to argue that his sentence was limited to the 25-year term announced by the trial court and recorded in the written order. According to defendant only the court retained the authority to increase his sentence.

¶ 30 In *People v. Evans*, 2013 IL 113471, the defendant was sentenced to 12 years in prison after being found guilty of aggravated battery with a firearm. After the trial court dismissed the defendant's first postconviction petition, the defendant sought leave to file a successive postconviction petition alleging that, as in the present case, the trial court did not mention or include in his sentencing order an additional term of MSR. In considering the Second Circuit's decision in *Earley*, we stated, "[D]ecisions of the Second Circuit Court of Appeals construing New York law have no power to enjoin the enforcement of Illinois statutes. Thus, even assuming that *Earley* was correctly decided, that decision has absolutely no consequence in Illinois unless and until a court of this state endorses its analysis and then applies that analysis to section 5-8-1(d)(1), a contingency that has yet to occur." *Id*. ¶ 15.

¶ 31 Additionally, we are not persuaded by the Second Circuit's broad reading of *Wampler*. *Wampler* considered a sentencing provision added by the clerk requiring defendant to pay his fines before he would be released from prison. While the court in *Wampler* had this option at sentencing, it did not include this conditional provision in its sentencing order. Unlike *Earley* or the present case, no statute mandated that the defendant pay his fine prior to being released. Therefore, unlike the court in *Wampler*, the trial court had no discretionary power in this case. Further, unlike in *Wampler*, the enforcement of the mandatory MSR term in this case was not an increase in sentencing, as the MSR term attached automatically as though written into

defendant's sentence. While the court in *Earley* decided to read *Wampler* broadly and apply it to mandatory statutory sentencing provisions, we are unpersuaded and do not adopt the reasoning from *Earley*.

¶ 32        For the reasons stated, the judgment of the appellate court is affirmed.

¶ 33        Affirmed.