# Illinois Official Reports

## Appellate Court

---

**People v. Ford, 2014 IL App (1st) 130147**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY FORD, Defendant-Appellant. |
| | |
| District & No. | First District, Second Division<br>Docket No. 1-13-0147 |
| | |
| Filed | August 26, 2014 |
| Rehearing denied | September 17, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the trial court's summary dismissal of defendant's *pro se* postconviction petition alleging that the Illinois Department of Corrections violated his due process rights by adding a term of mandatory supervised release after his prison term even though the added term was not part of the trial court's sentence or written sentencing order, since the trial court was required by section 5-8-1(d) of the Unified Code of Corrections to make the term part of the sentencing order, and the proper remedy for this clerical omission was to vacate the term added by the Department and remand the cause to the trial court with directions to amend the sentencing order to conform with section 5-8-1(d). |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-17133; the Hon. James B. Linn, Judge, presiding. |
| | |
| Judgment | Affirmed in part and vacated in part; remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Linda Olthoff, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Simon and Liu concur in the judgment and opinion.

**OPINION**

¶ 1        Defendant Bobby Ford appeals the trial court's order summarily dismissing his *pro se* petition for relief under both the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)) and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). On appeal, defendant challenges the addition of a two-year term of mandatory supervised release (MSR) by the Illinois Department of Corrections (DOC) because the MSR term was not part of the trial court's sentence or written sentencing order.

¶ 2        Following a jury trial, defendant was convicted of possessing contraband (dangerous weapon) in a penal institution, a Class 1 felony. On March 14, 2012, he was sentenced as a Class X offender (due to his criminal background) to 14 years in prison. The court also imposed a consecutive 180-day sentence for direct criminal contempt of court based on defendant's conduct during the course of his trial. Neither the transcript of the sentencing hearing nor the written sentencing order mentioned a term of MSR. After his commitment, the DOC added a three-year MSR term to be served after completion of his court-imposed sentence. Subsequently, defendant filed his *pro se* petition claiming a due process violation because the DOC without authority increased his sentence beyond the 14-year sentence imposed by the trial court with the addition of a 3-year MSR term.[1] Defendant now appeals the dismissal of the petition.

¶ 3        The parties briefed this appeal prior to our supreme court's decision in *People v. McChriston*, 2014 IL 115310. In *McChriston*, our supreme court considered a factually similar sentencing issue and resolved the question after analysis of section 5-8-1(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d) (West 2004)) as it existed prior to an amendment that became effective January 1, 2012. Here, because the defendant was sentenced after the effective date of the amendment to section 5-8-1(d) and the conduct of the DOC in adding a term of MSR raised the same constitutional objections, we requested the parties to

_____

[1]The Illinois Department of Corrections website indicates defendant's projected parole date is August 12, 2018, and his parole discharge date is August 12, 2020, indicating that a MSR term of 2 years has been added to defendant's 14-year sentence.

- 2 -

submit supplemental briefs specifically addressing which version of section 5-8-1(d) of the Unified Code of Corrections applies, as well as the effect of *McChriston* on the issues raised in this appeal. Counsel on appeal for defendant and the State subsequently filed the requested supplemental briefs.

¶ 4    Defendant contends that the DOC's addition of the three-year term of MSR is void because it was not part of the trial court's sentence or sentencing order and violates separation of powers and due process principles by increasing his sentence beyond what the trial court imposed, as the DOC was not empowered to impose the MSR term. This identical claim was rejected by our supreme court in *McChriston*. In *McChriston*, the defendant was sentenced in 2004 to a mandatory Class X sentence with no mention made at sentencing and no reference made in the sentencing order that the defendant would be required to serve a term of mandatory MSR pursuant to the then-applicable version of section 5-8-1(d) (730 ILCS 5/5-8-1(d) (West 2004)). *McChriston*, 2014 IL 115310, ¶ 1. In 2011, McChriston filed a *pro se* section 2-1401 petition for relief (735 ILCS 5/2-1401 (West 2010)) arguing the DOC impermissibly added a 3-year MSR term to his 25-year sentence. *McChriston*, 2014 IL 115310, ¶ 3. The appellate court affirmed the trial court's dismissal of the petition for failing to state a claim (*People v. McChriston*, 2012 IL App (4th) 110319-U), concluding the MSR term attached by operation of law and was not unconstitutionally imposed by the DOC. *McChriston*, 2014 IL 115310, ¶ 4. On appeal, our supreme court rejected the contention that where the trial court fails to mention MSR at sentencing or fails to include a term of MSR in the sentencing order, the DOC lacks authority to impose a term of MSR after the defendant serves his full sentence. Applying customary rules of statutory construction, the supreme court held that the plain and ordinary meaning of the applicable version of section 5-8-1(d) (730 ILCS 5/5-8-1(d) (West 2004)) ("[e]xcept where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment") was unambiguous and the MSR term was included automatically in the sentence, "as though written therein," even where the trial court did not mention the MSR term either at sentencing or include the term in the sentencing order. *McChriston*, 2014 IL 115310, ¶¶ 17, 23. In further support of this conclusion, the supreme court observed that the subsequent 2011 amendment of section 5-8-1(d) evidenced a legislative intent "to require that the judge specify the MSR term in writing in the sentencing order." *Id*. ¶ 21.

¶ 5    Effective January 1, 2012, section 5-8-1(d)(1) was amended by deleting the "as though written therein" phrase to now require "the parole or mandatory supervised release term *shall be written as part of the sentencing order*." (Emphasis added.) 730 ILCS 5/5-8-1(d) (West 2012). This was the applicable statute when defendant in this case was sentenced on March 14, 2012. Defendant argues that under either version of section 5-8-1(d)(1) only the trial court may impose a MSR term and under the current version the sentencing court is explicitly required to make a MSR term part of the sentencing order. Defendant concludes that, because the trial court failed to do so, due process and separation of powers principles were violated when the DOC, lacking any authority to do so, added the MSR term to defendant's sentence.

¶ 6    The State posits that the amended statute does not apply to defendant because he committed the offense (possessing contraband in a penal institution) on August 29, 2011, prior to the effective date of the statute. The State also asserts that because the amended statute did not mitigate defendant's punishment and *McChriston*, in alluding to the legislative history of the amendment, "addressed a housekeeping issue intended to assist the IDOC" in entering the

correct term of MSR into the system, it did not apply at the time defendant was sentenced on March 14, 2012. The defendant has elected to embrace the provisions of amended section 5-8-1(d), which was effective at the time of sentencing, and we agree with his election. *People v. Gancarz*, 228 Ill. 2d 312 (2008).

¶ 7 In any event, the State correctly notes that section 5-8-1(d) of the amended statute did not change the requirement that all convicted felons (except those serving a natural life or death sentence) are required to serve a period of MSR, and that the MSR term is required to be imposed by the sentencing court. The State concludes that "[s]uch a term of MSR attaches automatically to every sentence by operation of law and thus, is not imposed by the IDOC." We further note that section 5-4.5-15(c) of the Code provides, in pertinent part, "every sentence includes a term in addition to the term of imprisonment. For those sentenced on or after February 1, 1978, that term is a mandatory supervised release term." 730 ILCS 5/5-4.5-15(c) (West 2012). The plain language of section 5-8-1(d), read in conjunction with section 5-4.5-15(c), makes evident that "the MSR term [was] a mandatory component of [the] defendant's sentence" and the MSR term was imposed by the trial court and not the DOC. *People v. Hunter*, 2011 IL App (1st) 093023, ¶ 23. *McChriston* is clear that whether section 5-8-1(d) is viewed pre- or post-amendment, its legislative history reflects a term of MSR is part of every qualifying sentence regardless of whether the term is mentioned during sentencing or omitted from the sentencing order. *McChriston*, 2014 IL 115310, ¶¶ 18-21. Thus, *McChriston* undercuts defendant's separation of powers argument that his MSR term was void because the MSR term was actually imposed by the unauthorized act of the DOC. Further, the amendment's requirement that the trial court write the MSR term as part of the sentencing order also defeats defendant's argument that, by imposing the MSR term, the DOC violated his due process rights by increasing his sentence beyond the trial court's order.

¶ 8 Defendant correctly notes that the sentencing order does not contain the MSR term, as required by the amended statute. We have no doubt sentencing orders are prepared by court personnel for the judge's approval and signature. The appropriate remedy to rectify this essentially clerical omission is to vacate the term of MSR added by the DOC and remand to the trial court with directions to correct the sentencing order to reflect the MSR term provided under section 5-8-1(d) of the Code. See *People v. Munoz*, 2011 IL App (3d) 100193, ¶ 19. Because defendant was sentenced as a Class X offender due to his criminal background, the three-year MSR term applicable to the Class X conviction was part of his sentence. 730 ILCS 5/5-4.5-15(c), 5-8-1(d)(1) (West 2012); *People v. Watkins*, 387 Ill. App. 3d 764, 766-67 (2009). We vacate the MSR term imposed by the DOC and otherwise affirm the trial court's judgment. We remand with directions to correct the sentencing order in conformity with section 5-8-1(d) of the Code. Accordingly, the judgment of the trial court is affirmed in part and vacated in part, and the cause is remanded with directions.

¶ 9 Affirmed in part and vacated in part; remanded with directions.