NOTICE

Decision filed 10/16/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170142-U

NO. 5-17-0142

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 97-CF-355 |
| | ) | |
| KENNETH E. EVERAGE, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The defendant failed to satisfy the cause-and-prejudice test, and therefore the circuit court did not err in denying him leave to file a successive postconviction petition, and because any argument to the contrary would be meritless, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Kenneth E. Everage, was found guilty of home invasion and was sentenced to imprisonment for a term of 60 years. His direct appeal and his first attempt at postconviction relief were unsuccessful. The defendant filed in the circuit court a motion for leave to file a successive postconviction petition, but the court denied the motion. The instant appeal is from that order denying leave. The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis it has filed with this court a motion to withdraw as counsel, along with a memorandum of law in support

1

thereof.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD provided the defendant with a copy of its *Finley* motion and the accompanying memorandum.  This court gave the defendant ample opportunity to file a written response to OSAD's motion, or a memorandum, brief, etc., explaining why his appeal has merit, but the defendant has not taken advantage of that opportunity.  This court has examined OSAD's *Finley* motion and accompanying memorandum, as well as the entire record on appeal, and has determined that this appeal does indeed lack merit.

¶ 3                                BACKGROUND

¶ 4     In 1997, a grand jury returned an indictment charging the defendant with a single count of home invasion (720 ILCS 5/12-11(a)(2) (West 1996)).  In 1998, a trial was held and the jury found the defendant guilty of that offense, and the circuit court sentenced him to imprisonment for an extended term of 60 years.  On direct appeal, the defendant argued that (1) the trial court deprived him of a fair trial when it failed to apply the *Montgomery* test (*People v. Montgomery*, 47 Ill. 2d 510 (1971)) to prior criminal convictions that the State used for the purpose of impeaching him; (2) the trial court abused its discretion when it refused to exclude, on the basis of hearsay, a DNA analyst's testimony regarding population statistics used in the Illinois State Police Combined DNA Database; and (3) he was deprived of his constitutional rights to notice and due process where the indictment failed to inform him that if he were found guilty of home invasion, the court could sentence him to imprisonment for an extended term if it found that certain statutory aggravating factors applied, and the court's finding of those factors was not made beyond a reasonable doubt. This court rejected those arguments and affirmed the judgment of conviction.  *People v. Everage*, No. 5-00-0313 (May 16, 2003) (unpublished order pursuant to Supreme Court Rule 23).

¶ 5     In June 1999, a few years before this court decided the direct appeal on its merits, the defendant filed with the circuit court a *pro se* petition for postconviction relief (see 725 ILCS

2

5/122-1 *et seq.* (West 1998)). The circuit court appointed postconviction counsel for the defendant, and the defendant continued to be represented by counsel throughout the postconviction proceedings. In February 2006, the defendant filed a 68-page "second *pro se* amended verified petition for post-conviction relief", wherein he presented a variety of claims—from a claim that his speedy-trial right had been violated, to claims of trial errors, to a claim that direct-appeal counsel had provided ineffective assistance. Various exhibits were attached to the petition. In September 2007, the State filed a motion to dismiss the postconviction petition, on the grounds of forfeiture and *res judicata*. In October 2008, the defendant filed through appointed counsel a postconviction petition that adopted all of the claims presented in the 68-page February 2006 *pro se* petition and added a few more claims.

¶ 6 In October and December 2008, the court held an evidentiary hearing on the defendant's postconviction claims. The defendant and his trial attorney were the only witnesses at the evidentiary hearing. At the hearing's conclusion, the court took the matter under advisement. In February 2009, the circuit court entered a written order denying the postconviction petition. In its order, the court stated that the postconviction claims concerning errors allegedly committed by the trial court were either *res judicata* or had been forfeited; in addition, the court found that those claims were unsupported by any evidence. Finally, the court stated that it did not find "any basis" for the claim that direct-appeal counsel had failed to raise any viable issue. The defendant appealed from the denial order. This court affirmed the order. *People v. Everage*, No. 5-09-0115 (July 27, 2010) (unpublished order pursuant to Supreme Court Rule 23).

¶ 7 In November 2010, the defendant filed a *pro se* petition for relief from judgment (see 735 ILCS 5/2-1401 (West 2010)), wherein he attacked his extended-term sentence as void. In December 2010, the circuit court entered a written order finding that the voidness claim was

3

unsupported, and dismissing the petition. The defendant attempted an appeal from the order, but this court dismissed the appeal for lack of appellate jurisdiction. *People v. Everage*, No. 5-10-0611 (Jan. 20, 2011) (unpublished dispositional order).

¶ 8 In October 2016, the defendant filed with the circuit court a document stating that his sentence was void due to the addition of a three-year mandatory supervised release (MSR) term to his prison sentence. In January 2017, the circuit court entered a written order, wherein it noted that the October 2016 *pro se* document did not have a heading indicating the type of pleading that it was. The court treated the document as a successive petition for postconviction relief. The court noted that the defendant had not sought leave of court to file a successive postconviction petition, and on that basis the court concluded that the successive petition was a nullity that did not require any further action from the court. The court added that the defendant was free to file a motion for leave to file a successive postconviction petition.

¶ 9 On February 27, 2017, the defendant filed with the circuit court a motion for leave to file a successive petition for postconviction relief. The defendant sought to present a single postconviction claim—that requiring the defendant to serve a three-year MSR term, commencing after his completion of the court-imposed 60-year prison sentence, would violate the due process clauses of the United States Constitution (U.S. Const., amend. XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, § 2), and would violate the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and therefore his sentence was void. The defendant did not attempt to explain why he had not included this claim in his first postconviction petition.

¶ 10 On March 22, 2017, the circuit court, without any type of hearing beforehand, entered a written order denying the defendant leave to file a successive petition. The court found "no cause" for the defendant's failure to raise the MSR issue previously, and it found "no prejudice" stemming

4

from the MSR term, since the MSR term was made part of the defendant's sentence by operation of law, citing section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 1996)) and *People v. McChriston*, 2014 IL 115310.

¶ 11    On April 17, 2017, the defendant filed a *pro se* notice of appeal from the order of March 22, 2017, thus perfecting the instant appeal.

¶ 12                                              ANALYSIS

¶ 13    The defendant appeals from the circuit court's order denying his motion for leave to file a successive petition for postconviction relief.  This court's review of the denial order is *de novo*. *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010).  As previously mentioned, OSAD has filed a *Finley* motion to withdraw as counsel, along with a memorandum of law in support of the motion. In its memorandum, OSAD concludes that there would be no merit to any argument that the circuit court erred in refusing to grant leave to file a successive petition.  This court agrees with that assessment.

¶ 14    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a procedural mechanism through which a criminal defendant may assert that his constitutional rights were substantially violated during the proceedings that resulted in his conviction.  *Id.* § 122-1(a)(1); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002).  The Act contemplates the filing of only one postconviction petition.  725 ILCS 5/122-3 (West 2018) (any constitutional claim "not raised in the original or an amended petition is waived"); *People v. Bailey*, 2017 IL 121450, ¶ 15. However, under section 122-1(f) of the Act, a defendant may seek leave of the circuit court to file a second or successive postconviction petition.  725 ILCS 5/122-1(f) (West 2018).  Such leave should be granted only if the defendant demonstrates "cause" for his failure to bring his constitutional claim in his first postconviction proceeding and "prejudice" resulted from that

5

previous failure. *Id.* Cause is shown by identifying some "objective factor" that "impeded" the defendant's ability to raise his claim during his first postconviction proceeding. *Id.* Prejudice is shown by demonstrating that the claimed constitutional violation "so infected the trial that the resulting conviction or sentence violated due process." *Id.* A defendant cannot obtain leave of court to file a successive petition unless he satisfies both prongs of this cause-and-prejudice test. *People v. Guerrero*, 2012 IL 112020, ¶ 15. When a court examines a motion for leave to file a successive postconviction petition, it should ascertain only whether the defendant has alleged facts that make "a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24.

¶ 15    In his motion for leave to file a successive postconviction petition, the defendant stated that he wished to present one postconviction claim, namely, that requiring him to serve a 3-year MSR term, commencing after his completion of the court-imposed 60-year prison sentence, would violate the due process clauses of the United States Constitution (U.S. Const., amend. XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, § 2), and would violate the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and therefore his sentence was void. However, the defendant did not offer any explanation as to why he did not raise that claim during his first postconviction proceeding, a proceeding in which he was represented by appointed postconviction counsel and that included an evidentiary hearing. In other words, the defendant did not even attempt to satisfy the "cause" prong of the cause-and-prejudice test.

¶ 16    OSAD, in the memorandum of law that accompanies its *Finley* motion, points to one sentence in the motion where the defendant stated that he "has come to understand" that he will need to serve an MSR term after completing his prison term. OSAD suggests that this sentence was the defendant's way of explaining that prior ignorance of the statutory MSR requirement was his reason for failing to raise the claim during his first postconviction proceeding. As OSAD notes,

though, such ignorance of the law cannot qualify as "cause." See, *e.g.*, *People v. Evans*, 2013 IL 113471, ¶¶ 10-13.

¶ 17   Because the defendant failed to show cause for not raising his claim during his first postconviction petition, the circuit court had no real choice but to deny him leave to file a successive postconviction petition. Any argument that the court erred in denying him leave would have no merit.

¶ 18   OSAD also suggests that the defendant failed to satisfy the prejudice prong of the cause-and-prejudice test because his would-be postconviction claim has no merit. This view is correct. By operation of law, an MSR term is a part of every criminal sentence that includes imprisonment for a term of years. See 730 ILCS 5/5-4.5-15(c) (West 2018). Even if the circuit court fails to mention MSR in its written judgment, this failure in itself does not invalidate the sentence or any part thereof. *Round v. Lamb*, 2017 IL 122271, ¶ 16.

¶ 19                                        CONCLUSION

¶ 20   The defendant clearly failed to satisfy the cause-and-prejudice test for the filing of a successive postconviction petition. Therefore, the circuit court did not err in refusing to grant leave to file a successive petition. Any argument to the contrary would be meritless. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 21   Motion granted; judgment affirmed.

7