NOTICE

Decision filed 03/01/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220383-U

NO. 5-22-0383

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 19-CF-145 |
| | ) | |
| CHRISTOPHER J. CHIOVARI, | ) | Honorable |
| | ) | Martin W. Siemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate the condition of defendant's mandatory supervised release that prohibits him from using or accessing social networking websites where the statutory provision setting forth the condition is overbroad and facially unconstitutional.

¶ 2    Defendant, Christopher J. Chiovari, pled guilty to two counts of aggravated criminal sexual abuse of a child (720 ILCS 5/11-1.60(c)(1)(i) (West 2018)). The circuit court of Shelby County sentenced defendant to four years on each count to run concurrently followed by two years of mandatory supervised release (MSR). Defendant filed a motion to withdraw guilty plea and vacate sentence, which the court denied. Defendant appeals, arguing that the MSR condition set forth in subsection (a)(7.12) of section 3-3-7 of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/3-3-7(a)(7.12) (West 2018)), which prohibits persons convicted of certain sex offenses from using or accessing social networking websites, is unconstitutional. We agree.

1

¶ 3                                    I. Background

¶ 4    On November 14, 2019, the State charged defendant by information with two counts of aggravated criminal sexual abuse of a child, a Class 2 felony (720 ILCS 5/11-1.60(g) (West 2018)), against D.P. and I.P., respectively. In support, the State alleged that defendant, who was over the age of 17, committed two separate acts of sexual conduct with D.P. and I.P., who were under the age of 13.

¶ 5    On March 22, 2021, defendant entered an open guilty plea at a scheduled videoconference hearing. At the hearing, the State explained that defendant agreed to plead guilty to both counts in exchange for the State's recommendation of a sentencing cap of four years for each count. The State explained that the sentencing range was "probation to 3 to 7 years in prison; and both counts would, by statute, be concurrent." The State also explained that there was "a two-year period of mandatory supervised release if there was a prison sentence," and that there was a requirement of lifetime registration as a sex offender. The circuit court also advised defendant that his sentences for both offenses would run concurrently and would be followed by two years of MSR. Defendant confirmed that he understood, and the State presented a factual basis for defendant's plea. Following admonishments, the court accepted defendant's guilty plea.

¶ 6    On February 24, 2022, following several continuances, the circuit court held a sentencing hearing. After considering the evidence presented in aggravation and mitigation, the court sentenced defendant to four years in the Illinois Department of Corrections on each count to run concurrently followed by two years of MSR.[1]

_____

[1]Neither the circuit court nor the State advised defendant of the MSR term at the sentencing hearing, and the sentencing order makes no reference to the two-year MSR term required by law. See 730 ILCS 5/5-8-1(d)(2) (West 2018). However, a docket entry from the sentencing hearing indicates that defendant was "sentenced to 4 yrs. DOC, credit for 3 days served, 2 yr. MSR, minimum fine plus assessments." We note that, effective July 1, 2021, after defendant's guilty plea but before his sentencing, the MSR term for a Class

2

¶ 7    Relevant to defendant's MSR term, section 3-3-7 of the Code of Corrections provided, in pertinent part:

> "The conditions of parole or mandatory supervised release shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life. The conditions of every parole and mandatory supervised release are that the subject:

> * * *

> (7.12) if convicted of a sex offense as defined in the Sex Offender Registration Act committed on or after January 1, 2010 (the effective date of Public Act 96-262), refrain from accessing or using a social networking website as defined in Section 17-0.5 of the Criminal Code of 2012[.]" 730 ILCS 5/3-3-7(a)(7.12) (West 2018).

¶ 8    March 24, 2022, defendant filed a motion to withdraw guilty plea and vacate sentence. Defendant alleged that his guilty plea was not made knowingly and voluntarily because he was under a significant amount of personal stress at the time of the plea, he did not fully understand the consequences of his plea or the sentence he was facing, and he believed there was doubt as to his guilt. Following a hearing, the circuit court denied the motion. This appeal followed.

¶ 9                                  II. Analysis

¶ 10    On appeal, defendant argues that subsection (a)(7.12) of section 3-3-7 of the Code of Corrections, which prohibits persons convicted of certain sex offenses from accessing social networking websites, is unconstitutional. Defendant urges this court to follow the Illinois Supreme Court's decision in *People v. Morger*, 2019 IL 123643, and the Fourth District's decision in *People v. Galley*, 2021 IL App (4th) 180142, and vacate his MSR condition because it is unconstitutional.

---

2 felony was reduced to 12 months. See Pub. Act 101-652, §§ 10-281, 99-999 (eff. July 1, 2021); 730 ILCS 5/5-8-1(d)(2) (West Supp. 2021).

¶ 11    The State does not refute defendant's argument that the MSR condition is unconstitutional but argues that defendant has failed to present a justiciable issue for this court to review. We begin by addressing the State's argument that defendant's claim lacks justiciability.

¶ 12                                    A. Justiciability

¶ 13    The State maintains that this appeal lacks justiciability because the issue raised by defendant is not ripe for review. Specifically, the State asserts that defendant has not begun to serve his MSR term and, thus, is not currently prohibited from using or accessing social networking websites. The State also asserts that, to the extent defendant anticipates future harm, the prisoner review board (PRB) has already modified the MSR condition at issue and, thus, the condition is unlikely to be enforced against defendant.

¶ 14    Whether a cause of action should be dismissed based on a lack of justiciability is a question of law, which this court reviews *de novo*. *Ferguson v. Patton*, 2013 IL 112488, ¶ 22 (citing *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008)). Our supreme court has determined that the doctrine of justiciability requires

> " 'a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]' (Internal quotation marks omitted.)" *Id.* ¶ 23 (quoting *National Marine, Inc. v. Illinois Environmental Protection Agency*, 159 Ill. 2d 381, 390 (1994)).

¶ 15    Here, defendant pled guilty to two counts of aggravated criminal sexual abuse of a child. When defendant committed the offense of aggravated criminal sexual abuse of a child, a Class 2 felony (720 ILCS 5/11-1.60(g) (West 2018)), section 5-8-1(d)(2) of the Code of Corrections (730 ILCS 5/5-8-1(d)(2) (West 2018)) required a two-year term of MSR. Our supreme court has recognized that "MSR terms are statutorily required and that 'the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence.' " *People v. Whitfield*, 217 Ill. 2d 177, 200-01 (2005) (quoting *People v. Brown*, 296 Ill. App. 3d 1041, 1043 (1998)). In other words, "the MSR term is not a negotiated release or a privilege but, rather, a mandatory part of defendant's sentence." *People v. Hunter*, 2011 IL App (1st) 093023, ¶ 23; see also *People v. McChriston*, 2014 IL 115310, ¶ 23 (concluding that the plain language of section 5-8-1(d) of the Code of Corrections "was unambiguous and provided that the MSR term be automatically included as part of defendant's sentence").

¶ 16    As a condition of his statutorily required MSR term, defendant is subject to the provision set forth in subsection (a)(7.12) of section 3-3-7 of the Code of Corrections prohibiting him from using or accessing social networking websites. Section 3-3-7 of the Code of Corrections provides the PRB discretion in imposing conditions of probation and MSR but lists various "conditions of *every* parole and mandatory supervised release" (emphasis added) (730 ILCS 5/3-3-7(a) (West 2018)), including the condition set forth in subsection (a)(7.12) that applies to persons, such as defendant, who are convicted of certain sex offenses. Accordingly, the application of the condition is mandatory and is not an "abstract" possibility simply because defendant is not yet serving his MSR term.

¶ 17    Moreover, as the State correctly notes, defendant's two-year MSR term is set to begin in one year. Illinois courts have considered similar MSR conditions on direct appeal years before the defendants served their MSR terms. See, *e.g.*, *People v. Rinehart*, 2012 IL 111719 (considering the propriety of an indeterminate MSR term for certain sex offenses 5 years into the defendant's 28-year sentence); *McChriston*, 2014 IL 115310, ¶¶ 1, 23 (considering challenge to MSR term approximately 10 years into the defendant's 25-year sentence); *Galley*, 2021 IL App (4th) 180142 (considering the constitutionality of the MSR condition prohibiting the defendant from accessing social networking websites when the defendant had 25 years left on his prison sentence). Thus, we reject the State's argument that defendant's claim is not ripe for review because he is not yet serving his MSR term.

¶ 18    We also reject the State's argument that defendant's claim is not justiciable because he is "unlikely" to ever be subject to the MSR provision he challenges. The State notes that the PRB has modified its own MSR and parole condition definitions in light of our supreme court's decision in *Morger*, 2019 IL 123643. While we agree the PRB could choose not to impose the MSR condition in the present case, we note that section 3-3-7(a)(7.12), as currently written, prohibits defendant from accessing or using social networking websites. As defendant correctly notes, the PRB has wide discretion in setting the conditions of MSR and could revert back to an unconstitutional interpretation of the MSR condition at any time absent action from the legislature or a decision from this court.

¶ 19    We acknowledge that the State's arguments mirror the dissent in the Fourth District's decision in *Galley* (2021 IL App (4th) 180142, ¶¶ 32-38 (Turner, J., dissenting)). We also acknowledge that the Second District, similar to the dissent in *Galley*, concluded that the defendant did not present a justiciable challenge to the MSR condition prohibiting access or use of social

6

networking websites under similar circumstances in *People v. Kreger*, 2023 IL App (2d) 220034-U. However, we do not find the reasoning of the *Galley* dissent or *Kreger* persuasive.

¶ 20    Therefore, we reject the State's contention that defendant's appeal is neither justiciable nor ripe. Accordingly, we will consider defendant's argument that subsection (a)(7.12) of section 3-3-7 of the Code of Corrections, which prohibits persons convicted of certain sex offenses from using or accessing social networking websites, is unconstitutional.

¶ 21                    B. Constitutionality of Section 3-3-7(a)(7.12)

¶ 22    Defendant, relying on the Illinois Supreme Court's decision in *Morger*, 2019 IL 123643, and the Fourth District's decision in *Galley*, 2021 IL App (4th) 180142, argues that the MSR condition which prohibits persons convicted of sex offenses from using or accessing social networking websites violates the first amendment. As noted, the State does not refute defendant's argument in this regard.

¶ 23    A challenge to the constitutionality of a statute presents a legal question this court reviews *de novo*. *People v. Minnis*, 2016 IL 119563, ¶ 21. However, as defendant correctly notes, the Illinois Supreme Court considered the constitutionality of a similar statutory provision in *Morger*, 2019 IL 123643, and the Fourth District considered the constitutionality of the same statutory provision at issue in the present case in *Galley*, 2021 IL App (4th) 180142. We agree that *Morger* and *Galley* direct the outcome of the instant case.

¶ 24    In *Morger*, 2019 IL 123643, our supreme court considered whether the statutory probation condition set forth in subsection (a)(8.9) of section 5-6-3 of the Code of Corrections (730 ILCS 5/5-6-3(a)(8.9) (West 2016)), which prohibited a person convicted of a sex offense from accessing or using a social networking website, was constitutional. The court, despite noting the statute served a substantial governmental interest, found the probation condition "overbroad and facially

7

unconstitutional" because it prohibited " 'constitutionally protected activity as well as activity that may be prohibited without offending constitutional rights.' " *Morger*, 2019 IL 123643, ¶¶ 45-58 (quoting *People v. Relerford*, 2017 IL 121094, ¶ 50). Thus, the court found the probationary condition "unconstitutionally overbroad" and vacated "the probationary condition banning access to, or use of, social media." *Id.* ¶ 59.

¶ 25    In *Galley*, 2021 IL App (4th) 180142, the Fourth District considered whether the MSR condition set forth in section 3-3-7(a)(7.12) of the Code of Corrections (730 ILCS 5/3-3-7(a)(7.12) (West 2016)), which prohibited persons convicted of certain sex offenses from accessing social networking websites, was constitutional. The Fourth District, relying on *Morger*, 2019 IL 123643, found that the MSR condition, similar to the probation condition considered in *Morger*, was overbroad and facially unconstitutional. *Galley*, 2021 IL App (4th) 180142, ¶ 27. As a result, the Fourth District vacated the condition of the defendant's MSR. *Id.* ¶ 30.

¶ 26    We agree with the Fourth District's decision in *Galley*, which followed the reasoning of the Illinois Supreme Court's decision in *Morger*. We note, as did our supreme court in *Morger*, that there is nothing in the record to show defendant used social networking websites to seek out victims. Also, as in *Morger* and *Galley*, we find that by imposing a blanket ban on the use and access of social media websites, the challenged MSR condition " 'unnecessarily sweeps within its purview those who never used the Internet—much less social media—to commit their offenses and who show no propensity to do so, as well as those whose Internet activities can be supervised and monitored by less restrictive means.' " *Galley*, 2021 IL App (4th) 180142, ¶ 28 (quoting *Morger*, 2019 IL 123643, ¶ 58). Thus, in accordance with *Morger* and *Galley*, we find the MSR condition set forth in subsection (a)(7.12) of section 3-3-7 of the Code of Corrections overbroad and facially unconstitutional.

¶ 27                               III. Conclusion

¶ 28    For the reasons stated, we vacate the condition prohibiting defendant from using or accessing social networking websites while on MSR but affirm his sentence in all other respects.

¶ 29    Affirmed in part and vacated in part.